UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

PRINCESS AMINA SALVADOR,

      Plaintiff,

v.                                 Case No.  3:18cv22/MCR/CJK

DEPUTY MORTON,

      Defendant.

_____/

REPORT AND RECOMMENDATION

This cause is before the court upon plaintiff's filing a civil rights complaint under 42 U.S.C. § 1983 (doc. 1), and a motion to proceed *in forma pauperis* (doc. 2).  Upon review of the complaint, the court concludes that this case should be transferred to the United States District Court for the Middle District of Florida, based on venue considerations.

Plaintiff is a detainee confined at the Baker County Jail in MacClenny, Florida.  (Doc. 1, p. 2).  Plaintiff's complaint names one defendant, Deputy Morton, a correctional officer at the Baker County Jail.  (Doc. 1, p. 3).  Plaintiff claims Deputy Morton's treatment of her at the jail violated the Universal Declaration of Human Rights.  (Doc. 1, p. 6).

Venue for actions under 42 U.S.C. § 1983 is governed by 28 U.S.C. § 1391(b), which provides:

> A civil action may be brought in (1) a judicial district in which any defendant resides if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

*Id*.  Furthermore, 28 U.S.C. § 1404 provides:  "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought."  28 U.S.C. § 1404(a).  The decision to transfer an action pursuant to § 1404(a) is left to the "sound discretion of the district court and [is] reviewable only for an abuse of that discretion."  *Roofing & Sheeting Metal Servs. v. La Quinta Motor Inns*, 689 F.2d 982, 985 (11th Cir. 1982).  Such transfers may be made *sua sponte* by the district court.  *Mills v. Beech Aircraft Corp.*, 886 F.2d 758, 761 (5th Cir. 1989);  *Robinson v. Madison*, 752 F. Supp. 842, 846 (N.D. Ill. 1990) ("A court's authority to transfer cases under § 1404(a) does not depend upon the motion, stipulation or consent of the parties to the litigation.");  *Empire Gas Corp. v. True Value Gas of Fla., Inc.*, 702 F. Supp. 783, 784 (W.D. Mo. 1989) (a court may consider transferring a case for the convenience of the parties on its own motion).

This judicial district has no relation to the litigation at issue.  The events underlying this action arose in Baker County, Florida, which is located in the Middle

District.  Both parties reside in the Middle District.  Neither the private interests of

the litigants nor the public interest in the administration of justice is even minimally

advanced by venue being maintained in this district.

Accordingly, it is respectfully RECOMMENDED:

1.  That this case be TRANSFERRED to the United States District Court for

the Middle District of Florida.

2.  That the clerk be directed to close the file.

At Pensacola, Florida this 9th day of January, 2018.


/s/ *Charles J. Kahn, Jr.*
**CHARLES J. KAHN, JR.**
**UNITED STATES MAGISTRATE JUDGE**


<u>NOTICE TO THE PARTIES</u>

Objections to these proposed findings and recommendations may be filed within 14 days after being served a copy thereof.  <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control</u>.  A copy of objections shall be served upon the magistrate judge and all other parties.  A party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions.  *See* 11th Cir. R. 3-1; 28 U.S.C. § 636.